IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00514-ZLW

TRACY WILLIAMSON,

    Plaintiff,

v.

RONALD HELM, # 05077, and
BILL HUNTER, # 73117,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff Tracy Williamson currently is held at the Denver County Jail. On August 16, 2006, Plaintiff filed a *pro se* "Order and Request to Correct Default in Account Ledger." In the Order and Request, Plaintiff asks that the Court allow him to proceed in the instant action. The Court must construe the Order and Request liberally because Mr. Williamson is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Order and Request as a Motion to Reconsider and deny the Motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Williamson's Motion was filed more than ten days after the Court's July 20, 2006, Order and Judgment of Dismissal. Even if the Court considers August 14, 2006, the date that Mr. Williamson dated the Motion, as the filing date, Plaintiff still has not filed the Motion within ten days of the Court's July 20, 2006, dismissal. See Fed. R. Civ. P. 6(a). Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice, because Mr. Williamson failed either to pay the $53.00 initial partial filing or in the alternative to submit a current certified copy of his trust fund account statement showing that he has no assets or no means by which to pay the designated initial partial filing fee. Plaintiff now contends that he was not aware that he must send a certified copy of his account statement.

Contrary to what Plaintiff argues, Magistrate Judge Boyd N. Boland, in the May 16, 2006, Order, instructed Plaintiff that if he did not have sufficient funds to pay the initial partial filing fee he is required to submit a current certified copy of his trust fund account statement showing cause why he has no assets and no means by which to pay the $53.00 fee. The Court further notes that the trust fund account statement that

Plaintiff filed with the Court on August 16, 2006, shows that on May 16, 2006, and until July 13, 2006, Mr. Williamson had over $53.00 in his inmate account. He, therefore, had sufficient funds to pay the required initial partial filing fee.

The Court finds that Mr. Williamson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's August 16, 2006, Order and Request to Correct Default in Account Ledger is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 24 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00514-BNB

Tracy Williamson
Reg. No. 1476933
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/25/06.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk